ROBERTSON, Justice,
for the Court.
Brenda A. Boren (Warren), mother and personal representative of her 22-month-old daughter, Yulanda Boren, brought suit in the Circuit Court of Jackson County, against Wayne D. Allgood, Frank Hamilton, Alton Hamilton and John Hamilton, to recover damages for the wrongful death of Yulanda. The jury returned a verdict against Wayne D. Allgood only for $7,000 damages. The jury found the Hamiltons “as not being responsible in any way for the accident which occurred on November 3, 1973.” Plaintiff appeals.
About 5:30 p. m. November 3,1973, Brenda Boren (Warren), her husband, Robert Boren, and their 22-month-old daughter, Yulanda, were traveling south on State Highway 63 in their Volkswagen. Robert Boren testified that as he approached the farm owned by the Hamiltons, which adjoined the highway, that he noticed a haze or fog across the highway, that he slowed to 20 or 25 miles an hour as he entered the haze, that his Volkswagen was rear-ended by a pickup truck driven by defendant, Wayne D. Allgood, and Yulanda was fatally injured.
Appellant alleged that this haze or fog across the highway was actually a thick cloud of lime dust which had been produced by a liming operation on the Hamilton farm.
Defendant Allgood testified that he drank one beer at Harold’s Tavern, and got another beer to carry with him as he proceeded south on highway 63. He stated that when he observed what looked like a cloud or smoke going across the highway that he slowed from 60 or 65 miles per hour to 45 miles per hour, and entered the cloud or smoke at that speed. He admitted that he rammed into the back of the Boren Volkswagen.
The evidence as to the liming operation was conflicting. Alton Hamilton testified that he was liming the fields of his brothers, Frank and John Hamilton, and that he finished spreading the lime about 4:30 p. m.; that the lime had settled on the ground, and that there was no lime dust drifting across the highway.
Several witnesses testified that lime dust was forming an obstruction over the highway when they drove past the Hamilton farm shortly before the accident. Other witnesses testified that they did not notice a cloud of lime dust or anything else obstructing the highway when they passed the Hamilton lands around the time of the accident.
Appellant contends that the court committed error in admitting into evidence a sample of lime and in allowing Earl Wayne Nichols to testify as to this exhibit. Nichols testified that he had worked for Corchem for 15 or 16 years, that he was a crew leader at Corchem when he resigned and went back to farming, that he had gotten this sample of lime from the lab superintendent at Corchem, and that it was dolomite lime or calcium chloride, which was the same type lime that the Hamiltons had purchased from Corchem over the years and had used in their liming operations. The appellant’s principal objection was that the source of this lime was not sufficiently proven. Nichols testified that he had gotten it from Corchem, that he recognized it as being exactly the same kind purchased from Corchem and used over the years by the Hamiltons in their liming operations. We think that the source was sufficiently proven, but even if it was not the source was not of particular significance in the case at bar. All that was required was that it be identified as the same type lime that had been used by the Hamiltons in their farming operations over the years.
Neither counsel nor this Court have been able to find a Mississippi case directly in *153 point, but we did find an annotation in 95 A.L.R.2d 681 (1964), which contained this helpful information:
“In a number of cases, the admission or exclusion of an offered sample has been held properly based, at least in part, on the sufficiency or insufficiency of identification as to its source. Where the reasons for the holding have been stated, the cases indicate no radical departure from the general rules of evidence regarding identification of objects. Thus, non-expert opinions as to resemblance between inanimate objects are admissible under the exception to the opinion evidence rule, which exists where it is difficult or impossible to reproduce the data upon which the opinions are based; and where the sample is not positively identified, that fact may be held to go merely to the weight of the evidence and not its admissibility. On the other hand, the court may base its conclusion on the presence or absence of testimony tracing the sample from the time of its original taking until it is produced in court, where it is believed that such a chain of evidence is necessary to link the sample positively with the article or substance in question.” 95 A.L.R.2d at 686. (Emphasis added).
We are of the opinion that it was largely a question addressed to the sound discretion and judgment of the trial judge and we can not say that the trial judge was wrong in admitting this lime sample into evidence and also allowing Nichols to testify as to this sample.
The trial court was correct in sustaining an objection to any testimony about a multi-million dollar class action suit in Federal Court against Corchem Chemical Company for air pollution.
The conflicting evidence presented a jury question. The judgment of the court discharging the Hamiltons, being based on a jury verdict in their favor, is affirmed.
As to the defendant Wayne D. All-good, the $7,000 judgment against him for the death of a 22-month-old child is grossly inadequate. The hospital, doctors’, funeral and cemetery expenses amounted to $2,732.80. It was stipulated by all parties that Yulanda’s life expectancy was 74.8 years. Dr. Terrell Pike, a professor at the University of Southern Alabama, whose specialty was Econometrics, testified that the present net value of Yulanda’s life was $129,899.
We are of the opinion that there should be an additur of $13,000 to the $7,000 verdict returned by the jury, making a total judgment of $20,000.
If Defendant Allgood does not accept the additur within 15 days after the judgment of this Court becomes final, this cause will be remanded to the trial court for a new trial on the issue of damages only. If Defendant Allgood does accept the additur of $13,000, then the judgment for a total of $20,000 will be affirmed.
AFFIRMED ON CONDITION OF ACCEPTANCE OF ADDITUR; OTHERWISE REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES ONLY.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.